UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.                                                                Case No.: 2:10-cr-54-FtM-29SPC

TERRAH A. SALTERS,
_____/

POST TRIAL MOTION FOR JUDGEMENT OF ACQUITTAL

Come Now, Terrah A. Salters, by and through his defense counsel and files this post trial Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29 (c) and would state as follows:

1. Mr. Salters proceeded to trial on February 8, 2011.
2. Mr. Salters was found guilty of Possession of a firearm by a convicted felon on February 9, 2011.
3. At the close of the Governments case, defense counsel moved for judgment of acquittal pursuant to Fed. R. Crim. P. 29 (a). This Court reserved ruling until the next day and allowed the Government to present case law supporting their position that they indeed had presented sufficient evidence to go to the jury. After further argument by both sides, This Court ruled that the Government had presented sufficient evidence to let the jury decide the guilt or innocence of Mr. Salters.
4. At the close of all evidence, defense counsel failed to renew all his objections as well as his Rule 29 (a) motion for judgment of acquittal.

5. As allowed by Fed. R. Crim. P. 29 (c) Mr. Salters, by and through, his undersigned counsel is now renewing all his objections throughout trial and additionally renewing his motion for judgment of acquittal post conviction.

## ARGUMENT

The Government has failed to meet their burden to show that Mr. Salters was in possession of a firearm on or about February 5, 2010. In the government's case in chief, several factual assumptions were relied upon to link Mr. Salters to the firearm. The first factual assumption was Mr. Salters must have possessed a firearm in the car. The second assumption, Mr. Salters threw the gun out of his window. Lastly, Salters discarded the glove as well. The glove is also to be assumed was thrown out of the car by Salters. All of these assumptions were not supported by any evidence presented by the government. There was no evidence presented that anyone saw Mr. Salters in possession of the firearm while the car was moving. No evidence was presented that Mr. Salters was the one who threw the firearm out the window. No evidence that showed Mr. Salters was in possession of either the firearm or glove in question after the car stopped. There was also no testimony or any other evidence to show that Mr. Salters was the true possessor of all three gloves. The only testimony we heard possibly linking the pair of gloves found in the car was the fact that they were found on the seat where Salters was riding. There was no testimony or evidence showing that the passenger window was up or down when the car was moving. The only evidence that the passenger window was down was after Mr. Salters was already in custody.

There was testimony showing that the passenger door was also open after Mr. Salters was taken into custody giving the driver, James Williams, ample opportunity to discard the gun

and glove once Officer Almonte and Salters were outside of view. There was a clear conflict as to whether or not Mr. Williams sat in the car unsupervised by law enforcement. Sergeant Glen Thompson testified he was on scene almost immediately and was already at Mr. Williams's door when Officer Almonte was arresting Salters and taking him to the patrol car. However, Sergeant Glen Thompson also testified that he did not write a report regarding this stop. He also testified that he's conducted and/or assisted in over one hundred traffic stops since February 5, 2010. Mr. Williams who was present the entire stop and was not arrested testified under oath that he was in the car for approximately two minutes before anyone approached his door. When somebody approached his door it wasn't even Sergeant Thompson, but the same officer who arrested Salters, Officer Almonte.

The only type of evidence presented at trial to show that Mr. Salters may have been in possession of a firearm was testimony. As detailed in the preceding paragraphs, the testimonial evidence has glaring inconsistencies and conflicts with the different witnesses who testified at trial. No other evidence was presented to show Mr. Salters was in possession of a firearm. Florida Department of Law Enforcement, Lauren Tirollo, testified she found no prints on the gun, magazine, or bullets. There were no admississions that he possessed the firearm. The lone black glove was not tested to link it back to Mr. Salters. The glove had no distinctive identifying marks or any personal markings to link it back to Mr. Salters. The only evidence presented at trial to connect Mr. Salters to the firearm was proximity.

The law in the eleventh circuit is clear on this point. "A defendant's mere presence in the area of an object or awareness of its location is not sufficient to establish possession." <u>United States v. Maspero</u>, 496 F.2d 1354 (5th Cir 1974). Other cases have found similarly in the 11th circuit. In <u>United States v. Gunn, 369 F.3d 1229</u> (11th circuit 2004) the court affirmed all of

co-defendant, Rivero, convictions except for his conviction for possession of a firearm by convicted felon. That charge was vacated.

In March of 2001 a government informant was able to arrange a meeting with an Agent and suspected gang members for a planned robbery of no less than 10 kilos of cocaine. At that meeting three of the defendants who were in charge agreed to specifics with the agent as to what they were going to do and when the robbery was going to occur. Some days later, April 5, the agent made contact with Cantilo a codefendant and told him to meet today for the address of a stash house. When the defendants arrived at a warehouse and began writing down the information concerning the stash house police arrested all defendants on the premises. They split up the defendants in two police cars with recordings. All of the defendants made statements as to the firearms and were relieved that the guns were found in the car and not on their person. Id at 1233. Defendant Rivero challenged the sufficiency of the evidence for his 922 (g)(1) conviction.

At trial, the District court properly charged the jury that a defendant could be found guilty of violating 922(g)(1), if the government proved beyond a reasonable doubt that the defendant knowingly possessed a firearm and had been previously convicted of a felony."On possession specifically, the district court used these words: A person who knowingly has direct physical control of something is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it." Id at 1235.

Based on that definition, which is the standard in this Circuit the court held that since Rivero was not a major player in the drug conspiracy, was not owner of the vehicles driven and only knew about the firearms in the other car that was not enough to convict. The Court went on to hold the evidence did show that Rivero had knowledge of the firearms located in the other car, but knowledge alone is insufficient to prove constructive possession. Id at 1236. In this case the government doesn't even have knowledge of the firearm. The firearm was found outside of the vehicle. Nobody saw him toss it. Nobody saw the driver toss it. No link was ever established to connect Salters to the firearm at trial.

Another case also litigated in the eleventh circuit, United States v. Pedro, 999 F.2d 497 (11th circuit 1993), the Court held that a co-defendant who was in the vicinity of the firearm was not in knowing possession of a firearm. Defendants Manuel Pedro and Jose Villafani were arrested for a suspected burglary. At the site of the arrest, Jose Villafani was carrying a suitcase that was discovered to contain, among other things a firearm. Manuel Pedro being a convicted felon was then indicted on a single count of knowingly possessing a firearm in violation of 922(g)(1). Id at 498.

A trial ensued. The government called the arresting officers who testified generally that they were called out to a possible burglary of a home. When they arrived on scene they noticed a chair under a window and heard voices behind the locked doors of the residence. They waited for five minutes and both José Villafani and Manuel Pedro walked out of the residence. Jose had a suitcase and Pedro had nothing. Officers commanded them to stop. Both suspects tried to tell officers that nothing was wrong; they were just moving some stuff. They even offered the officers to search the suitcase. Instead they were placed under arrest. Id at 499.

After entering the home and noticing it had been partially ransacked and items moved around they searched the suitcase. In the suitcase they found some items from inside the home, two knives, and a firearm. Jose Villafani was interviewed at the scene and he did not implicate Pedro in the burglary or indicate that Pedro had any knowledge of the burglary. A Detective dusted for prints throughout the apartment and found none. He did not dust the gun for prints. Finally, a special agent testified that he tested the gun for prints and came back negative. He also testified that the gun was manufactured in Massachusetts and had crossed state lines. Id at 499.

When the government rested Defendant, Manuel Pedro, pursuant to Rule 29 of the federal rules of criminal procedure moved for a judgment of acquittal arguing that the government had failed to carry the burden of showing the defendant had any knowledge, whatsoever, that there was a gun inside the suitcase carried by defendant, Jose Villafani, or to show that the defendant exercised any control or custody over the gun that was inside the suitcase. That motion was denied by the District court. Id at 499.

On appeal, the appellate court must examine a challenge of the sufficiency of the evidence "in the light most favorable to the government and draw all reasonable inferences and make all credibility determinations in support of the jury's verdict." Id at 500. In its analysis of the sufficiency of the evidence portion of the appeal, the Court cited United States v. Smith, 591 F.2d 1105, (former 5th circuit of appeal 1979), "for a person to have constructive possession over a firearm, the person must have both "the intent and the power to exercise dominion and control over the firearm. As such a defendant must, in fact, know of the firearms existence in order to exercise dominion and control over it." Id at 500. The Court goes on to cite United States v. Maspero, 496 F.2d 1354 (5th cir 1974) "a defendant's mere

presence in the area of an object or awareness of its location is not sufficient to establish possession." Id.

    Here, we have a case almost analogous to the two mentioned in the preceding paragraphs. Absolutely no evidence was collected to link the defendants to the firearm. The Eleventh circuit court ruled both times in favor of the defendants. Like in Gunn and Pedro it is Mr. Salter's position that the Government has failed to meet their burden in showing that he ever possessed the firearm. The firearm was found outside on public property and/or someone else's property. The government has failed to show that Mr. Salters ever had the power and intention to take control over [the firearm] later.

    WHEREFORE, on behalf of Mr. Salters, defense counsel respectfully moves this Honorable Court to grant this post conviction motion for Judgment of Acquittal.

    Respectfully submitted,
JOSE LUIS CALVO, ESQUIRE
Calvo & Calvo, Attorneys at Law

By: /s/ Jose Luis Calvo
Jose Luis Calvo/FL Bar ID No. 551597
1518 Jackson Street
Fort Myers, Florida 33901
Telephone: (239)332-5501/ Fax: (239) 362-1378
Counsel for Mr. Salters

**United States v. Terrah Salters**          Case no: 2:10-cr-54-FtM-29SPC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 21st day of February, 2011, the foregoing was electronically filed with the Clerk of the Court and a copy will be sent to Jeffrey Michelland, Assistant United States Attorney, 2110 First Street, Fort Myers, Florida 33901 and by regular U.S. Mail to Mr. Salters.

/s/ Jose Luis Calvo
Jose Luis Calvo
Attorney for Defendant